IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
JAN 09 2009
JAMES N. HATTEN, Clerk
By: Deputy Clerk

| | |
|---|---|
| SCOTT WALKER, | PRISONER CIVIL RIGHTS |
| GDC NO. 1187151, | 42 U.S.C. § 1983 |
| Plaintiff, | |
| | CIVIL ACTION NO. |
| v. | 1:07-CV-3155-TCB-CCH |
| MYRON FREEMAN and | |
| DONALD SPEARS, | |
| Defendant. | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

A. Plaintiff's Allegations

Plaintiff states that on January 23, 2006, he was being held at the Fulton County Jail in order to attend a hearing on his motion for new trial. (Doc. 1 at

2

¶ IV). On that night, Plaintiff alleges that Defendant Donald Spears, a Fulton County Deputy Sheriff, entered Plaintiff's jail cell. (Id.). After entering Plaintiff's cell, Spears allegedly threatened to use pepper spray on Plaintiff unless he removed his clothes and masturbated. (Id.). Plaintiff states that he initially refused the request, but Spears allegedly stated that, in addition to using the pepper spray, he would "fabricate criminal escape charges against Plaintiff." (Doc. 1, attachment to IV at p. 4A). Due to Spears alleged threats, Plaintiff "succumbed to the lewd orders of Defendant Spears." (Id.).

While Plaintiff was complying with Spears initial request, Spears allegedly threatened Plaintiff with the pepper spray unless he also "simultaneously masturbate[d] the [D]efendant's penis." (Id. at 4B). Due to Spears alleged threat, Plaintiff complied with this request. (Id.).

Plaintiff states that a "few short minutes later, the [D]efendant violently grabbed the [P]laintiff about the waist area and began performing oral sex on the [P]laintiff's penis." (Id.). Defendant Spears then ordered Plaintiff to perform oral sex on him. (Id. at 4C). Plaintiff refused and allegedly told Spears "to go ahead and kill (murder) the [P]laintiff." (Id.).

Defendant Spears then allegedly instructed Plaintiff to turn around and allow Spears "to physically rub Plaintiff's buttocks while he, the [D]efendant,

3

masturbated himself to climax." (Id. at 4D). Due to Spears alleged threats, Plaintiff complied. (Id.). Plaintiff states that Spears ejaculated on Plaintiff's cell floor and used Plaintiff's "personal face cloth to wipe the sperm from the [P]laintiff's jail cell floor." (Id.).

Plaintiff states that Spears was subsequently "arrested for aggravated sodomy in connection with the facts stated herein and other similar incidents." (Id. at 4E). Plaintiff also states that the cloth holding Spears sperm is "in evidence." (Id. at 4D-4E).

Plaintiff alleges that Defendant Myron Freeman, then the Fulton County Sheriff, "knew of such previous conduct, but failed to remove [D]efendant Donald Spears from a position of authority over the prisoners." (Id. at 4F). Therefore, according to Plaintiff, Spears was able to sexually assault him. (Id.).

Plaintiff alleges that the conduct of Spears, as well as the failure of Freeman to remove Spears from a position of authority, constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Id.). Plaintiff seeks compensatory and punitive damages against Spears and Freeman. (Doc. 1 at ¶ V).

B. Analysis

Plaintiff alleges that Spears sexually assaulted him. "[P]risoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or

4

prison guards." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). Given Plaintiff's allegations, this action should be allowed to proceed against Spears.

Plaintiff has also alleged that Freeman knew that Spears had previously committed sexual assaults against other individuals being held at the Fulton County Jail and failed to take corrective action. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted). A supervisor is liable only when he or she "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. The necessary causal connection may be established by showing that "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). In light of Plaintiff's allegations concerning Freeman, this Court concludes that this action should be allowed to proceed against this Defendant.

III.  Conclusion

**IT IS ORDERED** that the instant pro se civil rights action is **ALLOWED TO PROCEED** as any other civil action.

The Clerk of the Court is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include for each Defendant two (2) Notices of Lawsuit and Request for Waiver of Service of Summons, two (2) Waiver of Service of Summons forms, an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summonses.

AO 72A
(Rev.8/82)

Upon completion of the service waiver packages, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver packages to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return the waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a

AO 72A
(Rev.8/82)

certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of that discovery period. See N.D. Ga., LR 26.2.A & B.

**IT IS SO ORDERED**, this 9th day of January, 2009.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)