FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
JUL 07 2009
JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT WALKER, GDC NO. 1187151, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:07-CV-3155-TCB-CCH |
| MYRON E. FREEMAN and DONALD SPEARS, Defendants. | : : : : | |

## ORDER AND OPINION

This matter is before the Court on Defendant Myron E. Freeman's motion to dismiss [Doc. 19] and Plaintiff Scott Walker's response in opposition to the motion to dismiss [Doc. 23].

I. Background

Plaintiff states that on January 23, 2006, he was being held at the Fulton County Jail in order to attend a hearing on his motion for new trial. (Doc. 1 at ¶ IV). On that night, Plaintiff alleges that Defendant Donald Spears, a Fulton County Deputy Sheriff, entered Plaintiff's jail cell, and threatened to use pepper spray on him unless Plaintiff removed his clothes and masturbated. (Id.). Plaintiff states that he initially refused the request, but Defendant Spears allegedly stated

that, in addition to using the pepper spray, he would "fabricate criminal escape charges against Plaintiff." (Doc. 1, attachment to IV at p. 4A). Due to these alleged threats, Plaintiff "succumbed to the lewd orders of Defendant Spears." (Id.).

While Plaintiff was complying with Spears initial request, Spears allegedly threatened Plaintiff with the pepper spray unless he also "simultaneously masturbate[d] the [D]efendant's penis." (Id. at 4B). Due to Spears's alleged threat, Plaintiff complied with this request. (Id.).

Plaintiff states that a "few short minutes later, the [D]efendant violently grabbed the [P]laintiff about the waist area and began performing oral sex on the [P]laintiff's penis." (Id.). Defendant Spears then ordered Plaintiff to perform oral sex on him. (Id. at 4C). Plaintiff refused and allegedly told Spears "to go ahead and kill (murder) the [P]laintiff." (Id.).

Defendant Spears then allegedly instructed Plaintiff to turn around and allow Spears "to physically rub Plaintiff's buttocks while he, the [D]efendant, masturbated himself to climax." (Id. at 4D). Due to the previous alleged threats, Plaintiff complied. (Id.). Plaintiff states that Defendant Spears was subsequently

2

"arrested for aggravated sodomy in connection with the facts stated herein and other similar incidents." (Id. at 4E).

Plaintiff alleges that Defendant Myron E. Freeman, then the Fulton County Sheriff, "knew of such previous conduct, but failed to remove [D]efendant Donald Spears from a position of authority over the prisoners." (Id. at 4F). Therefore, according to Plaintiff, Defendant Spears was able to sexually assault him. (Id.).

Plaintiff alleges that the conduct of Defendant Spears, as well as the failure of Defendant Freeman to remove Defendant Spears from a position of authority, constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Id.). Plaintiff seeks compensatory and punitive damages against both Defendants. (Doc. 1 at ¶ V).

On March 25, 2009, Defendant Freeman executed a waiver of service. (Doc. 17). On April 20, 2009, Defendant Freeman filed his motion to dismiss. (Doc. 19). Defendant Freeman seeks to be dismissed as a Defendant in this action, pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that (1) Plaintiff has not stated a claim under a theory of supervisory liability, (2) Defendant Freeman is shielded from liability in both his official and individual capacity due to Eleventh Amendment immunity, qualified immunity, official immunity, and sovereign

3

immunity, and (3) Plaintiff has failed to plead an existing prior physical injury as required by the Prisoner Litigation Reform Act. (Id., supporting brief at 6).

On May 14, 2009, Plaintiff filed his response in opposition to the motion to dismiss. (Doc. 24). Neither Plaintiff nor Defendant Freeman have been able to obtain Defendant Spears's current address. The United States Marshals Service is currently attempting to effect service of process upon Defendant Spears. (Doc. 26).

II.  The Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint on the ground that the plaintiff failed "to state a claim upon which relief can be granted." Because a Rule 12(b)(6) motion questions the legal sufficiency of a complaint, a court must assume that all factual allegations set forth in the complaint are true. See e.g. United States v. Gaubet, 499 U.S. 315, 327 (1991). Further, a court must construe "the allegations of the complaint in the light most favorable" to the plaintiff. Brower v. County Inyo, 489 U.S. 593, 598 (1989); Sofarelli v. Pinellas County, 931 F.2d 718, 721 (11th Cir. 1991) (same).

However, not every assertion made by plaintiff is assumed true when reviewing a motion to dismiss. "As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." South Fla. Water Management. Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (internal citation omitted); see also Lewis v. Brautigam, 227 F.2d 124, 127 (5th Cir. 1955) ("In determining the sufficiency of the complaint, the material facts, but not the unsupported conclusions of the pleader, are considered in the light most favorable to the plaintiff.").

III. Analysis

Plaintiff contends that Defendant Freeman is liable for the alleged acts committed by Defendant Spears on the basis that Defendant Freeman knew that Defendant Spears had previously committed similar assaults against others detained at the Fulton County Jail. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted). A supervisor is liable only when he or she "personally participates in the alleged

AO 72A
(Rev.8/82)

unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. The necessary causal connection may be established by showing that "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

Defendant Freeman argues that he should be dismissed from this action because Plaintiff has proffered no facts to support his conclusory claim that Defendant Freeman knew that Defendant Spears had previously assaulted others at the jail. (Doc. 19, supporting brief at 8). Plaintiff responds that he will be able to prove his allegations against Defendant Freeman through discovery. (Doc. 24 at 3).

At the very least, Plaintiff must allege sufficient facts to allow the Court to make a reasonable inference that Defendant Freeman knew that Defendant Spears had previously committed similar acts against others being held at the jail. Dalrymple v. Reno, 334 F.3d 991, 997 (11th Cir. 2003). Here, Plaintiff has offered only his conclusory allegation of Defendant Freeman's prior knowledge. Plaintiff's assertion that he will procure the necessary factual support during discovery is insufficient to support his claim of supervisory liability against

6

Defendant Freeman. A plaintiff may not maintain an action by relying on "a wholly conclusory statement of claim . . . [that] left open the possibility that . . . [he] might later establish some set of undisclosed facts to support recovery." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007) (internal quotation omitted). Here, Plaintiff has not alleged any facts suggesting what he may discover to support his claim against Defendant Freeman. Under these circumstances, Plaintiff may not maintain this action against Defendant Freeman. Having so concluded, the Court need not address Defendant Freeman's remaining arguments in support of his motion to dismiss.

IV. Conclusion

**IT IS ORDERED** that Defendant Sheriff Myron E. Freeman's motion to dismiss [Doc. 19] is **GRANTED**. Defendant Freeman is hereby **DISMISSED** as a Defendant in this action.

**IT IS SO ORDERED**, this 7th day of July, 2009.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

7